## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

| | |
|---|---|
| **JOSEPH STEPHEN WEST,** | ) |
| **Plaintiff ,** | ) |
| v. | ) Case No. 1:13-cv-00972-RDP-JHE |
| **JOEL LAIRD, et al.,** | ) |
| **Defendants.** | ) |

### MEMORANDUM OPINION

On April 11, 2014, the Magistrate Judge filed a Report and Recommendation recommending that this action filed pursuant to 42 U.S.C. § 1983 be dismissed under 28 U.S.C. § 1915A(b) for failing to state a claim upon which relief may be granted. (Doc. 5.) Plaintiff filed objections to the Report and Recommendation on April 15, 2014. (Doc. 6.)

Plaintiff restates his claims that former Calhoun County Circuit Judge Joel Laird violated his constitutional rights by disregarding the plea agreement and ordering Plaintiff to serve a longer sentence. However, Plaintiff does not address the Magistrate Judge's determination that (1) Judge Laird is immune from Plaintiff's claim for monetary relief, and (2) that Plaintiff's claim for unconstitutional imprisonment must be brought in a habeas action.[1]

Additionally, the Magistrate Judge concluded that Plaintiff named Attorney Jake Matthews as a defendant but failed to assert any factual allegations against him. In his objections, Plaintiff

---

[1] Plaintiff states he intended to also name the State of Alabama as a defendant. (Doc. 6 at 1.) The Eleventh Amendment to the United States Constitution bars § 1983 claims in federal court against the State. *See Alabama v. Pugh*, 438 U.S. 781 (1978); *see also Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984). Accordingly, Plaintiff cannot maintain a § 1983 action against the State of Alabama.

explains that Matthews failed to object to his sentence and "did not fully and completely do his job as a paid attorney to represent the plaintiff to the fullest extent of the law." (Doc. 6 at 1.)

Section 1983 provides a remedy for deprivations of federally protected rights only if such claimed deprivations are the result of state action. *See District of Columbia v. Carter*, 409 U.S. 418, 423 (1973). Courts have recognized that Congress, in enacting § 1983, meant to give a remedy to parties deprived of constitutional rights, privileges, and immunities by an official's abuse of his or her discretionary powers. *See Hafer v. Melo*, 502 U.S. 21, 27 (1991). One of the two essential elements in any § 1983 action is that the conduct complained of was committed by a person acting under color of state law. *See Blanton v. Griel Mem'l Psychiatric Hosp.*, 758 F.2d 1540, 1542 (11th Cir. 1985). "The traditional definition of acting under color of state law requires that the defendants in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West v. Atkins*, 487 U.S. 42, 48 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

The Supreme Court has concluded that a private defendant can be held liable in a § 1983 action if he or she acts in concert with state officials in depriving a plaintiff of constitutional rights. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922 (1987); *Dennis v. Sparks*, 449 U.S. 24 (1980). However, a private attorney representing a defendant in a criminal case does not act "under color of state law" and cannot be liable in an action brought under 42 U.S.C. § 1983 unless a plaintiff pleads specific facts showing a conspiracy between the attorney and public official fairly casting the imprimatur of the state on the attorney's acts. *See Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985).

In the present case, Plaintiff does not allege that Matthews conspired with any state actor to deprive him of his constitutional rights. Therefore, Plaintiff has failed to state a claim for relief against Matthews. To the extent Plaintiff may be asserting a supplemental state law claim against Matthews for legal malpractice, such a claim is subject to dismissal pursuant to 28 U.S.C. § 1367(c)(3) because the court accepts the Magistrate Judge's recommendation that Plaintiff's § 1983 claims be dismissed

Having carefully reviewed and considered *de novo* all the materials in the court file, including the Report and Recommendation and the objections thereto, the court is of the opinion that the Magistrate Judge's Report is due to be and is hereby **ADOPTED** and the Recommendation is **ACCEPTED**. Accordingly, the complaint is due to be dismissed pursuant to 28 U.S.C. § 1915A(b) for failing to state a claim upon which relief may be granted. A Final Judgment will be entered.

**DONE** and **ORDERED** this ___6th___ day of May, 2014.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE